J. R. Swan, J.
The plaintiff claims to recover under section 398 ■of the code, which is as follows:
“ In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person •entitled or liable to the same.”
*335 The bill of exceptions shows that John Rench died on the 30th of August, 1853. At the time of his decease he had in part completed the building'for Brown. But defects in the materials and construction existed when he died; so that the building, about four months afterward, by reason of the weight of iron put into it by Brown, fell, and injured the plaintiff’s building. Rench was liable to an action by Brown for the insufficiency of the materials and unskillful construction; but Bench’s default in this respect did not, nor did anything which transpired before his ^decease, furnish the plaintiff a right of action against him in his lifetime. And as the facts which existed between these parties when Rench died constituted no cause of action against him — no specific wrong having been suffered by the plaintiff from Rench or his acts in his lifetime — there was no cause of action to survive the decease of Bench. The fall of the building did not necessarily result from defective materials or defective construction; it was as safe as any other building up to the time of Bench’s decease; the injury was occasioned by, and resulted from, its use afterward; and the plaintiff had no present interest in the execution of the contract in Bench’s lifetime as to the weight which the building would be able to bear.
We are therefore of the opinion that, under the facts stated, no cause of action accrued in the lifetime of John Rench.
These views are sustained by the cases of Kearny v. The Boston & Worcester Railroad Company, 9 Cush. 108; Hollenback v. Berkshire Railroad Company, 9 Cush. 478; Roberts v. Read et al., 16 East, 216.

Judgment below affirmed.

Bartley, C. J., and Brinkerhoee, Scott, and Sutliee, JJ., concurred.